UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA CERONE,<br><br>        Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY and PICERNE GROUP HEALTH & WELFARE PLAN,<br><br>        Defendants. | Case No. 13cv184-AJB (DHB)<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>[ECF No. 24] |

On November 26, 2013, the parties filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 24.) After reviewing the Joint Motion, the Court hereby GRANTS in part, and DENIES in part, Plaintiff's request to compel, as outlined below.

## I. BACKGROUND

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiff's husband, Donald Cerone, was insured under an employer sponsored plan issued by Defendant Reliance Standard Life Insurance Company. On August 8, 2011, Mr. Cerone was fatally injured in a single vehicle accident after he left the Pala Casino, where he was observed drinking three martinis. Plaintiff made a claim for benefits under the policy. Defendant paid $250,000 in basic death benefits, but denied accidental death benefits. The denial was based on the

following exclusion in the policy:

> "A benefit will not be payable for a loss: . . . (6) to which the insured's acute or chronic alcohol intoxication is a contributing factor; or (7) to which the insured's voluntary consumption of an illegal or controlled substance or non prescribed narcotic or drug is a contributing factor."

Plaintiff now seeks a judicial determination that she is entitled to accidental death benefits under the plan.

On September 12, 2013, Plaintiff propounded interrogatories and requests for production on Defendant. (ECF No. 24-1 at 1.) Defendant responded to the discovery requests on October 11, 2013, and objected to several of Plaintiff's requests. (*Id.*) After meeting and conferring regarding the disputed requests, the parties reached an impasse, and filed the instant Joint Motion for Determination of Discovery Dispute. Plaintiff seeks to compel further responses to Interrogatories Numbers 14 through 19, and Request For Production Number 7. Plaintiff argues the requested discovery is necessary to assess Defendant's conflict of interest. Defendant counters the requests exceed the permissible scope of ERISA discovery and are unduly burdensome and oppressive.

## II. DISCUSSION

### 1. Legal Standard

Under Rule 26(b)(1), parties may obtain discovery of "any non privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the Court must limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378

(C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005)).

Generally, discovery is disfavored in ERISA actions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) ("[A] district court may review only the administrative record when considering whether the plan administrator abused its discretion."). This is because a primary goal of ERISA is "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). However, if there is a structural conflict of interest, the court may consider evidence outside the record to determine if the plan administrator's denial was affected by the conflict. *Abatie*, 458 F.3d at 970; *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008) (holding that when a plan administrator is operating under a structural conflict of interest, that conflict must be weighed as a factor in determining whether there was an abuse of discretion). A structural conflict of interest occurs when the insurer acts as "both the plan administrator and the funding source for benefits." *Abatie*, 458 F.3d at 965.

When ERISA discovery is allowed, it "should generally be limited to information relevant to 'the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record.'" *Duran*, 258 F.R.D. at 380 (quoting *Abatie*, 458 F.3d at 965) (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007) ("Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant, [], we agree with [plaintiff] that *some* discovery aimed at demonstrating a conflict of interest may have been appropriate."). However, broad fishing expeditions are not allowed. *See Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202, 1205 (C.D. Cal. 2007); *Klund v. Hight Tech. Solutions, Inc.*, 417 F.Supp.2d 1155, 1159 (S.D. Cal. 2005) (noting that "discovery cannot be as broad and overreaching in ERISA cases as in other types of litigation"). Whether to permit discovery is up to the discretion of the district court. *Burke v. Ptiney Bowes Long-Term Disability Plan*, 544 F.3d 1016, 1028 n.15 (9th Cir. 2008).

### 2.     Interrogatories Numbers 14 Through 19

The parties agree there is a structural conflict of interest here because Defendant both funded the plan and was the claims administrator for the plan. (ECF No. 24 at 3.) *Abatie*, 458 F.3d at 965. Plaintiff argues Interrogatories Numbers 14 through 19 are aimed at probing Defendant's conflict.

Plaintiff seeks information pertaining to other claims made under accidental death and disability (AD&D) policies with an intoxication exclusion that involved a vehicular accident, over a five year period. In Interrogatories 14 and 15, Plaintiff requests the number of such claims that were denied based on the intoxication exclusion, and the number of times a toxicologist was retained. In Interrogatories 16 and 17, Plaintiff seeks the number of claims that were paid when the insured had a measurable amount of alcohol in his/her system, including the measured amount of alcohol and how alcohol was causatively related to the accident. In Interrogatories 18 and 19, Plaintiff requests the number of claims that were denied when the insured had a blood alcohol level between 0.01 and 0.07, and the specific blood alcohol levels for those claims.

Plaintiff contends denial rates may be relevant to show parsimonious claims handling practices. Plaintiff also states the requested information is likely to show whether Defendant was consistent in its interpretation and application of the intoxication exclusion. Defendant counters that Plaintiff's discovery requests are overbroad and amount to an unwarranted fishing expedition. Defendant argues Plaintiff's requests would require a fact intensive evaluation and investigation of the other claims. Moreover, Defendant asserts the requested information is of little value absent a finding by the Court that the other claims were wrongly denied. Defendant further contends that it would be unduly burdensome to respond because the information Plaintiff seeks is not maintained in any database and would require hundreds of hours of manual searching to obtain.

The Supreme Court and the Ninth Circuit have stated that a district court may consider factors such as a defendant's "history of biased claims administration," *Glenn*, 544 U.S. at 117, or evidence of "a parsimonious claims-granting history," *Abatie*, 458 F.3d at 968, when

evaluating the effect of a plan administrator's conflict of interest. Although the Supreme Court and the Ninth Circuit have recognized that a district court may consider evidence outside the administrative record, the contours of permissible conflict of interest discovery have not been defined. *See Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. 2010) (stating the "case law is somewhat vague as to the extent that plaintiffs should be allowed to conduct discovery to reveal the nature of a structural conflict"). In *Wilcox v. Metropolitan Life Ins. Co.*, 2009 WL 57053, *2 (D. Az. Jan. 8, 2009), the Court observed that drawing the line between permissible and impermissible discovery in ERISA actions is challenging. The Court noted that on one hand, a court cannot fully evaluate a structural conflict without considering some evidence of the conflict – evidence that is likely outside the administrative record. *Id.* On the other hand, investigation of the factors identified in *Glenn* and *Abatie* "could lead to extensive discovery into historical practices and internal operations. One could see a plaintiff inquiring into hundreds of past cases in an effort to unearth evidence of such systematic bias – an inquiry that clearly would be contrary to ERISA's goal of efficiency and expedition and the general rule that abuse-of-discretion inquiries are record-based." *Id.*

      A review of several district court cases reveals that courts have allowed discovery of general denial and approval rates. However, courts have been reluctant to allow broad discovery relating to other claims. *See generally Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375 (C.D. Cal. 2009); *Dilley v. Metropolitan Life Ins. Co.*, 256 F.R.D. 643 (N.D. Cal. 2009); *Walker v. Metropolitan Life Ins. Co.*, 585 F.Supp.2d 1167 (N.D. Cal. 2008); 2-3; *Bronner v. Unum Life Ins. Co.*, 2009 WL 248175, *3 (N.D. Cal. Jan. 30, 2009)*; Wilcox*, 2009 WL 57053 at *2-3. The Court finds these cases instructive.

      For example, in *Bronner*, the plaintiff sought discovery of claim histories for other individuals whose benefits determination turned on similar medical conditions and courses of therapy as his own. *Bronner v. Unum Life Ins. Co.*, 2009 WL 248175, at *3. The Court stated that "[r]equests for statistics regarding other claims may be appropriate for purposes of the conflict of interest analysis." *Id.* at *4. Therefore, the Court allowed discovery of

statistics that showed general denial and approval rates regarding heart attack claims. *Id.* However, the Court declined to allow the plaintiff to access case-specific records of claims pertaining to other individuals. *Id.* ("[Plaintiff's] discovery requests that attempt to reach detailed records pertaining to other claimants . . . are simply too broad and burdensome."). Similarly, in *Wilcox*, the Court allowed plaintiff to conduct discovery into "Defendant's general approval and termination rates for long-term disability claims, and separately, for long-term disability claims involving [plaintiff's particular medical issue]." *Wilcox*, 2009 WL 57053, at *3.

Courts have also denied discovery where the burden of obtaining statistical information is significant. In *Dilly*, the plaintiff sought discovery of the number of claims the defendant had denied based upon medical record reviews conducted by a third party vendor. *Dilley*, 256 F.R.D. at 644. In response, the defendant provided general denial and approval statistics, but did not provide specific information regarding the number of claims denied, in whole or in part, based on the third party vendor's review. *Id.* at 645. The Court declined to compel the defendant to produce the more specific information. *Id.* The Court found the defendant had "established that the remaining information sought by Plaintiff could not be extracted without substantial difficulty and expense because [the defendant] has no ability to query its electronic database in a manner that would capture such information." *Id.* The Court further determined the "[d]etails of the number of claims denied based on a medical records review by NMR would be meaningless unless a finding could be made that [the defendant] had wrongly denied those claims." *Id.* See also *Roberts v. Prudential Ins. Co. of Am.*, 2013 WL 1431725, * (S.D. Cal. April 9, 2013).

Here, the Court finds the majority of Plaintiff's discovery requests are overbroad. Similar to the requests that were denied in *Bronner* and *Dilly*, Interrogatories Numbers 15 through 19 seek specific, detailed information based on other insureds' claims that would require a fact intensive investigation of each claim. As the Court in *Dilly* aptly noted, this type of information is not particularly probative of the effect of Defendant's conflict of interest unless a finding could be made that Defendant had wrongly denied the other claims.

*See Dilly*, 256 F.R.D. at 645. Moreover, this is the type of extensive discovery into past claims that the *Wilcox* court cautioned was contrary to ERISA's goal of resolving disputes over benefits inexpensively and expeditiously. *Wilcox*, 2009 WL 57053, at *2.

Even assuming Plaintiff's requests are not overbroad, Defendant argues that it would be unduly burdensome to respond because Defendant does not maintain a database which could be searched electronically to obtain the requested information. Defendant submits the declaration of Peter Sailor, who states that Defendant does not keep the information Plaintiff seeks in any single database. (ECF No. 24-2 at ¶ 3.) Defendant explains that it would have to manually search each claim file for claims made under an AD&D policy for a five year period. (*Id.* at ¶ 4.) Defendant estimates, without giving specifics, that it would take hundreds of hours to obtain the information and the cost of doing so would be prohibitive. (*Id.* at ¶¶ 4-5.) Defendant further states that Plaintiff's proposal to limit the requests to a one year time period would not eliminate the burden on Defendant. (*Id.* at ¶ 6.)

The Court finds the burden on Defendant of producing further responses to Interrogatories Numbers 15 through 19 outweighs Plaintiff's potential benefit in receiving the information. That being said, the Court recognizes that some statistical discovery, aimed at assessing whether the denial of benefits was tainted by the conflict of interest, is appropriate. *See Duran*, 258 F.R.D. at 380; *Bronner*, 2009 WL 248175, at *4; *Walker*, 585 F.Supp.2d at 1176; *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 634 (9th Cir. 2009). Accordingly, the Court will order Defendant to produce further a response to Interrogatory Number 14, which essentially requests general statistical data on the number of claims denied based on the alcohol exclusion. However, the Court will limit the responsive time period to two years – from January 1, 2011 until December 31, 2012. The Court is mindful that providing a further response to Interrogatory Number 14 will be somewhat burdensome to Defendant. Nevertheless, on balance, the Court finds this statistical information should be produced.

///

///

### 3. Request for Production 7

In Request for Production Number 7, Plaintiff seeks all reports and/or evaluations prepared by Michael G. Holland, M.D. for three other claims where he was retained by Defendant. Defendant objects to the request on grounds that it is overbroad and calls for the disclosure of confidential and private information that cannot be disclosed under California Insurance Code § 791.13.[1] Plaintiff contends that any confidentiality concerns can be addressed by redacting the identities of the third party claimants. Plaintiff also asserts that production of a consultant's reports from other claims is appropriate to determine if the consultant is biased or inconsistent in his opinions.[2]

"Courts generally permit discovery of statistical data pertaining to a plaintiff's own claim, but are loathe to permit discovery of records pertaining to other [individual's] claims." *Reinking v. Alyeska Pipeline Service Co.*, 2009 WL 1259385, *5 (D. Alaska May 6, 2009). For instance, in *Bronner*, the Court denied the plaintiff's requests for case-specific records of other individuals and documents from a physician who reviewed claims for the defendant. *Bronner*, 2009 WL 248175, *3, 5. Similarly, in *Duran*, the plaintiff requested copies of records pertaining to other claimants. *Duran*, 258 F.R.D. at 382. The Court found the requests were "grossly over-broad and implicate third-party privacy interests." *Id.* The Court ordered the defendant to instead provide the information in statistical or summary format. *Id.*

Here, Defendant has already provided relevant statistical data concerning Dr. Holland to Plaintiff. Specifically, Defendant states it has identified the number of cases that Dr. Holland reviewed between 2008 and 2013; the number of those claims that were denied; and

---

[1] The Court notes that § 791.13 does not necessarily preclude the production of the requested records. Although the statute provides that private information relating to an insured may not typically be disclosed, the statute allows disclosure in response to a judicial order. *See* Cal. Ins. Code § 791.13(h). Therefore, if the Court were inclined to order production of the documents, § 791.13 would not hinder Defendant from responding to Request Number 7.

[2] In support of this contention, Plaintiff refers the Court to her Points and Authorities. (*See* ECF No. 24 at 20.) However, the Court notes that Plaintiff does not further address Request for Production Number 7 in her Points and Authorities, or provide any case law that supports this argument.

the amount of his compensation over a five year period. (ECF No. 24 at 39.) The Court finds that this response is sufficient, and therefore, declines to order Defendant to produce further documents in response to Request for Production Number 7.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request to compel is GRANTED in part, and DENIED in part as follows:

1. Plaintiff's request to compel further responses to Interrogatory Number 14 is GRANTED, but with the following time parameter imposed: the request is limited to seeking information from January 1, 2011 through January 31, 2012.

2. Plaintiff's request to compel further responses to Interrogatories Numbers 15 through 19 and Request for Production Number 7 is DENIED.

**IT IS SO ORDERED.**

DATED: December 13, 2013

DAVID H. BARTICK
United States Magistrate Judge